# Citation

NO. 537096-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

ELLIS, GILBERT ETAL
VERSUS
BIOMEDICAL APPLICATIONS OF LOUISIANA LL

THE STATE OF LOUISIANA:  TO  BIOMEDICAL APPLICATIONS OF LA
DBA NORTH SHREVEPORT DIALYSIS CENT
THRU CT CORPORATION
5615 CORPORATE BLVD STE 400 B
BATON ROUGE LA 70808
of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 06, 2010.

*Also attached are the following:
___ REQUEST FOR ADMISSIONS OF FACTS
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By: _____
         Deputy Clerk

SUSAN E HAMM-5733
Attorney

A TRUE COPY -- ATTEST

_____
         Deputy Clerk

NOTICE: ALL PARTIES ARE
EXPECTED TO COMPLY WITH
ALL LOCAL COURT RULES
INCLUDING BUT NOT LIMITED
TO RULE 12 OF FAMILY LAW
DIVISION RULES.

------------------------------------------------------------

These documents mean you have been sued. Legal assistance is advisable and you should contact a lawyer immediately. If you want a lawyer and cannot find one, please call the Shreveport Lawyer Referral Service at 222-0720. The Shreveport Lawyer Referral Service is affiliated with the Shreveport Bar Association. If eligible, you may be entitled to legal assistance at no cost to you through Legal Services of North Louisiana, Inc; please call 222-7281 for more information.

JUDGES AND COURT PERSONNEL, INCLUDING THE SHERIFF AND CLERK OF COURT EMPLOYEES, CANNOT GIVE LEGAL ADVICE.

If you are a person with a disability, reasonable accomodation and assistance may be available to allow for your participation in the court proceedings. Please contact the Clerk of Court's office for more information.

**SERVICE COPY**

**EXHIBIT A**

DOCKET NO. 537098 'A'

GILBERT ELLIS, INDIVIDUALLY AND
ON BEHALF OF HIS DECEASED WIFE,
DESSIE MAE JOHNS ELLIS; MELBA
COLLINS, LARRY JOHNS, TIMMIE
ELLIS, LOLA RICHARDSON AND
CHERRLYNN JACKSON

VERSUS

BIO-MEDICAL APPLICATIONS OF
LOUISIANA, LLC, D/B/A NORTH
SHREVEPORT DIALYSIS CENTER,
AND CONTINENTAL CASUALTY
COMPANY

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT through undersigned counsel, comes, GILBERT ELLIS, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED WIFE, DESSIE MAE JOHNS ELLIS, ELLIS, MELBA COLLINS, LARRY JOHNS, TIMMIE ELLIS, LOLA RICHARDSON AND CHERRLYNN JACKSON, all major residents of and domiciled in the Parish of Caddo, State of Louisiana, who respectfully represent:

1.

The following parties (hereinafter referred to as defendants), made Defendants in this suit, are indebted to Petitioners, jointly, severally and *in solido*, for all damages as are reasonable in the premises, with legal interest thereof from the date of the filing of the claim for institution of the medical malpractice review panel on March 18, 2007, judicial demand until paid, and for all costs of these proceedings:

1. BIO-MEDICAL APPLICATIONS OF LOUISIANA, D/B/A NORTH SHREVEPORT DIALYSIS CENTER, through its duly appointed agent for service of process, CT Corporation, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, Louisiana 70808;

2. CONTINTENTAL CASUALTY COMPANY, through its duly appointed agent for service of process, Secretary of State, State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

Page -1-

2.

At all pertinent times herein, BIO-MEDICAL APPLICATIONS OF LOUISIANA, LLC (BMA) was a medical entity doing business as a dialysis center identified as North Shreveport, Dialysis Center which is located at 990 Aero Drive, Shreveport, Louisiana in Caddo Parish.

3.

At all pertinent times herein, BMA, was insured for acts of negligence, medical negligence and/or otherwise covered for acts of medical negligence by the CONTINENTAL CASUALTY COMPANY.

4.

BMA is vicariously liable for the actions of his employees committed in the course and scope of their employment with BMA.

5.

Jurisdiction and venue are proper in this Court because the complained acts of malpractice occurred in the Parish of Caddo, State of Louisiana.

6.

On or about March 21, 2006, Ms. Dessie Mae Johns Ellis (patient) was a patient at the North Shreveport Dialysis Center (NSDC) located at 990 Aero Drive, Shreveport, Louisiana, Caddo Parish. The patient had been a patient at NSDC since 1999 and was well known to the staff.

7.

On or about March 21, 2006, the patient underwent a dialysis treatment administered at NSDC by the staff at NSDC.

8.

After administration of the dialysis treatment on March 21, 2006, the patient was

negligently allowed to fall causing severe injury to the patient, including but not limited to injury to her neck.

9.

The patient was transported via ambulance to the Emergency Room (ER) at Louisiana State University Health Sciences in Shreveport (LSUHSC-S) where she was admitted for the neck injury.

10.

On May 4, 2006, the patient underwent surgery on her neck at LSUHSC-S.

11.

By way of imaging studies on May 5, 2006, a retained foreign body was discovered in the surgical field. The patient was taken back to surgery at LSUNSC-S.

12.

On May 12, 2006, the patient was found by a CNA in her hospital room at LSUHSC-S with no pulse and no respirations. The patient was successfully resuscitated and transferred to the Intensive Care Unit (ICU).

13.

The patient's condition did not improve and she died on May 14, 2006.

14.

As a result of the Defendants' negligence and failure to conform to the standard of care expected if them as a healthcare providers in the treatment of the patient, the patient experienced great physical, mental, and emotional pain and suffering including permanent disability, fear of dying and death.

15.

As a result of the Defendants' negligence and failure to conform to the standard of care expected of them as a healthcare providers in the treatment of the patient, Petitioners

experienced great physical, mental, and emotional pain and suffering and will continue to suffer in the future for an indefinite period of time.

16.

The suffering experienced and the patient and Petitioners could have been avoided with reasonable medical care, but due to the deviation from the standard of care expected of the Defendants as qualified healthcare providers, Petitioners sustained damages. Defendants failed to conform to the standard of care expected of them as healthcare providers in the following ways:

1. Failure to adhere to the accepted standards of medical practices required under the circumstances;
2. Failure to furnish diligent, skillful care and treatment;
3. Failure to properly supervise medical treatment;
4. Failure to use reasonable care and diligence;
5. Failure to exercise reasonable judgment;
6. Failure to properly assist the patient with mobility, including but not limited to, ambulating;
7. Failure to exercise appropriate care to protect against and/or prevent falls;
8. Failure to provide adequate and/or competent staff;
9. Failure to provide and implement proper policies, procedures and/or directives;
10. Negligent hiring;
11. Failure to appropriately and timely respond to the patient;
12. Failure to adequately monitor;
13. Failure to accurately document the patient's status;
14. Failure to properly administer dialysis treatment;
15. Lack of informed consent;

Page -4-

16. Other acts or omissions constituting medical neglect or fault that may be revealed in the course of discovery and/or at trial.

16.

Petitioners allege the following damages as a result of the Defendants' negligence:

1. Past, present and future medical expenses;

2. Past, present and future pain and suffering;

3. Past, present and future mental anguish and distress;

4. Wrongful Death/Loss of Chance of Survival;

5. Survival Damages;

6. LeJeune Damages;

7. Past and future loss of love, affection, society, nurturing, guidance, companionship and normal social, educational, and economic activities suffered by Plaintiffs;

8. Impairment and loss of enjoyment and quality of life;

9. Other general and special damages allowed by law that may be revealed in the course of discovery and/or trial.

17.

Petitioners also show that the doctrine of *res ipsa loquitor* is applicable herein in that the aforementioned events could not reasonable have occurred absent the negligence of the defendant.

18.

Petitioners show that he is entitled to recover from defendants jointly, severally and *in solido*.

19.

Petitioners further show that judicial interest begins to accrue from the date of the filing of the claim for institution of the medical malpractice review panel on March 18, 2007.

Page -5-

20.

It will be necessary to use medical witnesses at the trial of the case, and their fees, together with any expenses for the taking of depositions, should be fixed and taxed as costs.

21.

Petitioner has presented this matter identified as PCF No. 2007-00743 to a Medical Review Panel. The opinion of the Medical Review Panel was mailed to Petitioners by the panel chairman, John R. Ballard, on September 28, 2009 via certified mail.

22.

Pursuant to LRS 40:1299.47(I)(2)(c), Petitioner request approval of a surety bond in the amount of the costs of the medical review panel and will file the appropriate documents with this Court requesting such bond.

23.

At all pertinent times herein, DESSIE MAE JOHNS ELLIS was married to and the legal spouse of GILBERT ELLIS.

24.

At all pertinent times herein, DESSIE MAE JOHNS ELLIS was the biological parents of MELBA COLLINS, LARRY JOHNS, TIMMIE ELLIS, LOLA RICHARDSON and CHERRLYNN JACKSON.

25.

The amount in controversy herein exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Petitioners, GILBERT ELLIS, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED WIFE, DESSIE MAE JOHNS ELLIS; MELBA

Page -6-

COLLINS, LARRY JOHNS, TIMMIE ELLIS, LOLA RICHARDSON and CHERRLYNN JACKSON respectfully pray that:

1. Defendants be served with a copy of this Petition for Damages and be cited to appear and answer same;

2. After due proceedings be had, there be judgment herein in favor of Petitioners and against the Defendants, jointly, severally, *and in solido*, for such sums as the Court may direct or for any award justified under the law for the damages sustained by Petitioners as a result of defendant's negligence;

3. Upon presentation of Motion and Order for Bond with adequate documentation, that this Court approve a surety bond in the amount of the costs of the medical review panel;

4. Expert witness fees be fixed and taxed as costs;

5. Judicial interest from the date of the filing of the claim for institution of the medical malpractice review panel on March 18, 2006;

6. All costs of these proceedings;

7. All general and equitable relief.

SUSAN E. HAMM Bar Roll No. 21654
A Professional Law Corporation
7600 Fern Avenue - Building 900
Shreveport, Louisiana
(318) 797-0100 telephone
(318) 797-0083 facsimile

ATTORNEY FOR THE PETITIONERS

**PLEASE SERVE:**

1. BIO-MEDICAL APPLICATIONS OF LOUISIANA, D/B/A NORTH SHREVEPORT DIALYSIS CENTER, through its duly appointed agent for service of process, CT Corporation, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, Louisiana 70808;

2. CONTINTENTAL CASUALTY COMPANY, through its duly appointed agent for service of process, Secretary of State, State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

ENDORSED FILED, 12-23-09
S/Calvin Robertson
CADDO PARISH DEPUTY CLERK
A TRUE COPY ATTEST
CADDO PARISH DEPUTY CLERK

GILBERT ELLIS, INDIVIDUALLY AND	DOCKET NO. _____
ON BEHALF OF HIS DECEASED WIFE,
DESSIE MAE JOHNS ELLIS; MELBA
COLLINS, LARRY JOHNS, TIMMIE
ELLIS, LOLA RICHARDSON AND
CHERRLYNN JACKSON

VERSUS	1ST JUDICIAL DISTRICT COURT

BIO-MEDICAL APPLICATIONS OF	CADDO PARISH, LOUISIANA
LOUISIANA, LLC, D/B/A NORTH
SHREVEPORT DIALYSIS CENTER,
AND CONTINENTAL CASUALTY
COMPANY

## ORDER

THE FOREGOING PETITION CONSIDERED:

IT IS HEREBY ORDERED THAT the defendants are served with the Petition for Damages filed in the above entitled and numbered action and cited to appear and answer the same.

SIGNED IN CHAMBERS, this _____ day of _____, 20___ in Shreveport, Caddo Parish, Louisiana.

*unnecessary Order RMB*

_____
DISTRICT JUDGE